IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LEROY RANDALL,

       Plaintiff,

  v.            CASE NO. 18-3245-SAC

HUTCHINSON POLICE DEPARTMENT, et al.,

       Defendants.

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a prisoner in state custody, proceeds pro se and seeks leave to proceed in forma pauperis.

### Nature of the Complaint

Plaintiff sues the Hutchinson Police Department, an unknown insurance company for Hutchinson city employees, Verizon Wireless Company, an unknown insurance company for Verizon, Dollar General Store, an unknown insurance company for Dollar General, officers and detectives employed in the Hutchinson Police Department, seven state district court judges, a district court clerk, a state prosecutor, seven private attorneys, a Reno County commissioner, and the warden of the Norton Correctional Facility.

The complaint asserts claims that challenge the criminal investigation that culminated in plaintiff's conviction.[1]

### Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an

---

[1] Plaintiff's direct appeal is pending before the Kansas Court of Appeals.

officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff

believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) dismissals. *See Key v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

**Discussion**

The Court has conducted an initial review of the complaint and, for the following reasons, finds this matter is subject to dismissal. Plaintiff will be directed to show cause why this matter should not be dismissed.

First, plaintiff's request for release cannot be considered in a civil rights action under Section 1983. Instead, he must seek relief in a habeas corpus action under 28 U.S.C. § 2254 after first exhausting available state court remedies. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)(a prisoner challenging the fact or duration of confinement and seeks release must proceed in habeas corpus).

Next, plaintiff's request for monetary damages for claims arising during the investigative and prosecution phases of his criminal case are premature. In *Heck v. Humphrey*, the U.S. Supreme Court held that damages for an allegedly unconstitutional conviction are not available under Section 1983 unless the conviction has been reversed, expunged, declared invalid by a state court, or overturned in federal habeas corpus. *Heck*, 512 U.S. at 486-87. The *Heck* holding bars claims based on actions whose unlawfulness would render the existing criminal conviction invalid. Id. at 480-87. Therefore, the district court "must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. at 487. Because plaintiff does not suggest that his conviction has been overturned or otherwise called into question, his claims are premature and subject to dismissal without prejudice.

Third, a number of the defendants are subject to dismissal due to certain immunity doctrines. Defendants Rose, McCarville, Chambers, Dick, and Messenheimer are state district court judges and are protected by absolute judicial immunity, "an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991)(per curiam)(citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). Defendant Maxwell, a prosecutor, is shielded from suit by prosecutorial immunity. Prosecutors are entitled to absolute immunity for their acts in their role as advocates and activity that is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).

Fourth, defendants Osburn, Mueller, Bell, Roberts, Fisher, Oswald, and Kepfield are private attorneys who are not state actors subject to suit under Section 1983. *See Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981)(a public defender does not act under color of state law within the meaning of Section 1983); *Anderson v. Kitchen*, 389 F. App'x 838, 841 (10th Cir. 2010)(applying rule to private attorneys).

Finally, the balance of plaintiff's claims appear either to state no claim for relief or to be legally frivolous. Specifically, his claim that defendant Moses failed to file motions he mailed and failed to respond to his requests for documents[2], which the Court liberally construes to assert a denial of access to the courts, fails to identify how these alleged failures resulted in any actual injury to his pursuit of a nonfrivolous claim. *See Lewis v. Casey*, 518 U.S. 343, 35 1 (1996). Next, his claim against defendant Deming, a Reno County Commissioner, is supported only by a copy of a letter to plaintiff from defendant Deming[3] and describing a contact he had on plaintiff's behalf with a judge, defendant Rose. These facts do not suggest any grounds for a claim of a deprivation of plaintiff's constitutional rights. Likewise, the complaint makes no allegations concerning defendant Hrabe, the warden of the Norton Correctional Facility. These defendants are all subject to dismissal from this action.

## Order to Show Cause

For the reasons set forth, plaintiff is directed to show cause on or before **July 8, 2019,** why this matter should not be dismissed. The failure to file a timely response will result in the dismissal

---

[2] Doc. 1, p. 31.
[3] Doc. 1, p. 37.

of this matter without additional notice.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before **July 8, 2019,** plaintiff shall show cause why this matter should not be dismissed for the reasons discussed herein.

**IT IS SO ORDERED.**

DATED: This 7th day of June, 2019, at Topeka, Kansas.


S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge