# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**LEROY RANDALL,**

                **Plaintiff,**

        v.                                      CASE NO. 18-3245-SAC

**CITY OF HUTCHINSON, KANSAS, et al.,**

                **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff, a prisoner in state custody, proceeds pro se and in forma pauperis.

### Background

Plaintiff was convicted of aggravated robbery and two counts each of aggravated kidnapping and aggravated assault arising from the 2015 robbery of a Dollar General store in Hutchinson, Kansas. His direct appeal is pending.

On June 7, 2019, the Court entered a Notice and Order to Show Cause (NOSC) directing plaintiff to show why this matter should not be dismissed. The NOSC identified several bases for dismissal: first, plaintiff's request for release from confinement must be presented in habeas corpus after he exhausts available state court remedies. Next, his claim for monetary damages for actions taken during the investigation and prosecution of the criminal cases against him is premature under *Heck v Humphrey*, 512 U.S. 477 (1994). Third, the defendant state court judges are subject to dismissal under the doctrine of judicial immunity, and the defendant prosecutor is subject to dismissal under the doctrine of prosecutorial immunity. Fourth,

the defendant private attorneys are not state actors subject to suit under § 1983. Finally, the Court found the plaintiff's remaining claims were subject to dismissal because they failed to state a claim for relief or were legally frivolous.

In response, plaintiff filed an amended complaint. The Court has conducted a review of that pleading under 28 U.S.C. § 1915A(a). Under that provision, a court must review and dismiss a complaint or any portion of it that presents claims that are frivolous, malicious, fails to state a claim for relief, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

## Nature of the Complaint

The amended complaint seeks relief from Sgt. Garrett Leslie, Det. Bryan Rodriguez, Lt. Marty Robertson, and Det. (fnu) Schoenoff of the Hutchinson Police Department; Verizon Wireless Company (Verizon); Dollar General Store employees Michael Behm and Jodi Welch; and unknown insurance companies for Verizon, the City of Hutchinson, Kansas, and Dollar General Store.

The amended complaint presents three claims grounds for relief: First, plaintiff claims that defendant Leslie wrongfully sought to have the mobile telephone numbers of the two Dollar General employees "pinged" by Verizon. Plaintiff appears to allege that this violated federal law. Doc. 1, p. 5 ("No employee at the Dollar General Store was injured, hurt, or kidnapped; which constitutes elements to establish a viable reason to pursue (EMERGENCY SITUATION) disclosures from tele-communications carriers.").

Second, plaintiff alleges a "conspiracy against rights" in which he asserts that a search warrant issued in the criminal case bears a forged signature of a state magistrate judge.

Third, he claims that the alleged wire fraud and allegedly forged signature resulted in "false arrest, unlawful arrest, illegal detention, illegal search and seizure".

As relief, he seeks conversion of this action to a petition for habeas corpus under 28 U.S.C. § 2254, reversal of his state conviction, and monetary damages.

**Discussion**

The amended complaint suffers from several defects. First, to the extent plaintiff seeks habeas corpus relief from his state conviction, his request is premature. He first must exhaust his claims by presenting them to the state courts before he may commence an action for federal habeas corpus. *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000)(prisoner seeking habeas corpus relief must exhaust state court remedies) and 28 U.S.C. § 2254(b)(1)(A)(requiring exhaustion of state court remedies). As stated, petitioner's direct appeal is pending; therefore, he has not yet exhausted state court remedies.

Next, to the extent that plaintiff presents claims that would, if determined in his favor, imply that the conviction or sentence is invalid, the claims are premature under *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the U.S. Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a plaintiff proceeding under § 1983 first must show that the conviction has been invalidated in some way. *Id*. at 486. Plaintiff's direct appeal is pending, and his claims concerning the investigation of the robbery and the discovery of evidence used against him are not ripe until he obtains

relief from his conviction.

Third, the Court rejects as legally frivolous plaintiff's claim that the signature of the magistrate judge on the search warrant in his criminal case was forged. Plaintiff relies on a report issued by a forensic document examiner who reached the following conclusion:

> Based on the documents submitted and upon thorough analysis of these documents, and from an application of accepted forensic document examination tools, principles, techniques and standards, the evidence supports my opinion to a reasonable degree of scientific certainty that the Questioned Document labeled 'Q1' [search warrant] is a genuine signature but the possibility exists that the signature of Trish Rose that appears on the Questioned Document Q2 is not genuine.

(Doc. 9, Attach. 1, p. 10.) This is insufficient to present a plausible claim for relief.

Fourth, plaintiff's claim against the Dollar General Store and its employees fails. The only proper defendants in an action under § 1983 are state actors. *Gallagher v. Neil Young Freedom Concert*, 49 F.3d 1442, 1447 (10th Cir. 1995). In any case, plaintiff's claim that these defendants are subject to liability for failing to prevent the robbery he committed due to their failure to conduct a walk through of the store at closing and for failing to look at a camera monitor before opening locked doors is legally frivolous.

Plaintiff also moves for the appointment of counsel (Doc. 3). There is no constitutional right to the appointment of counsel in a civil matter. *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989). Rather, the decision whether to appoint counsel in a civil action lies in the discretion

of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). The party seeking the appointment of counsel has the burden to convince the court that the claims presented have sufficient merit to warrant the appointment of counsel. *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2016)(citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the movant] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (citing *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, the Court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979. Because the Court determines that plaintiff's claims are subject to dismissal, his request to appoint counsel will be denied.

### Conclusion

For the reasons set forth, the Court will dismiss this matter. Plaintiff's claims barred by *Heck v. Humphrey* are dismissed without prejudice to refiling if plaintiff obtains relief from his conviction. The remaining claims are dismissed with prejudice.

IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed.

IT IS FURTHER ORDERED plaintiff's motion to appoint counsel (Doc. 3) and motion for discovery (Doc. 5) are denied.

IT IS FURTHER ORDERED plaintiff's motion to amend the complaint (Doc. 8) is granted.

**IT IS SO ORDERED.**

DATED:  This 4th day of September, 2019, at Topeka, Kansas.


                                S/ Sam A. Crow
                                SAM A. CROW
                                U.S. Senior District Judge